UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CALVIN D. LEE,
    Plaintiff,

v.                                                                               Case No. 22-C-1089

MILWAUKEE COUNTY, WISCONSIN, et al.,
    Defendants.

## SCREENING ORDER

On October 27, 2022, I screened plaintiff Calvin D. Lee's pro se complaint under 42 U.S.C. § 1983 and found that it stated a claim for relief against Milwaukee County under the Fourteenth Amendment. ECF No. 5. But because the complaint also alleged an unrelated claim against a different defendant (Wellpath), I concluded that the plaintiff could not proceed on the complaint as alleged. I ordered him to decide which of the claims he wanted to proceed on in this lawsuit and file a second lawsuit on the other claim. *Id.* at 6–8.

On November 14, 2022, the court received two proposed amended complaints from the plaintiff. One of those amended complaints (ECF No. 6) sought to proceed against Milwaukee County; the other (ECF No. 7) sought to proceed against Wellpath. On November 23, 2022, I ordered the plaintiff to clarify "which of the two lawsuits he wants to pursue in this lawsuit—his claim against Milwaukee County detailed in his first amended complaint (ECF No. 6) or his claim against Wellpath detailed in his second amended complaint (ECF No. 7)." ECF No. 8 at 2. A week later, the plaintiff filed his response and requested to proceed on his amended complaint against Milwaukee County. ECF No. 9. I ordered the Clerk's office to open a new civil lawsuit and docket the

plaintiff's amended complaint against Wellpath in that new lawsuit (22-C-1438). ECF No. 10. This order screens the amended complaint (ECF No. 6).

## I. SCREENING THE AMENDED COMPLAINT

### A. Federal Screening Standard

As I explained in the previous order, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the amended complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States,

and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

As in the original complaint, the amended complaint alleges that the plaintiff has experienced a host of issues since being incarcerated at the Milwaukee County Jail. The plaintiff says he is a veteran of the U.S. Army and has repeatedly requested treatment for combat-related issues, including a traumatic brain injury, post-traumatic stress disorder, anxiety, insomnia, depression, sciatica, headaches, blackouts, and flashbacks. He says the medication he was taking for those ailments is not available at the Jail.

Beginning in September 2021, the plaintiff grieved the inadequate care and medication. He was told the Jail does not provide the services he requested. The plaintiff requested "to speak to a VA volunteer services coordinator" about mental health and legal services for veterans, but that request was denied. ECF No. 6, ¶ 18. The plaintiff went on a hunger strike, and a social worker spoke with him. He says he was "punished" for his actions and placed in the medical and "special needs" units for three days. *Id.*, ¶ 19. He says he still has not received adequate therapy for his mental-health needs.

The amended complaint also realleges that that from December 2020 through late July 2021, the Jail imposed stringent confinement protocols, including confining the plaintiff "to his cell for 26.5 hours, per day [sic], every other day in alternating patterns" because of concerns about COVID-19. *Id.*, ¶ 11. The plaintiff says COVID-19 nonetheless

spread throughout the Jail, and he twice contracted it. He alleges the Jail does not require consistent testing of its employees, leading to frequent spikes in ill detainees. The plaintiff says the Jail continued to impose "repeated instances of confinement to cells greater than 23 hrs" throughout 2022. *Id.*, ¶ 13.

The amended complaint also reiterates a slew of other purported violations of the plaintiff's rights, including unsanitary cells and inadequate cleaning supplies; bugs and biohazards; disabled toilets that forced him "to eat, sleep, and live with urine and fecal matter in the toilet for hours at a time;" and mold and corroded fixtures in the sinks and showers. *Id.*, ¶ 14. He says the Jail's telecommunications system and multimedia options are too pricey, which he says "violates Antitrust laws, and the Plaintiff's equal protection rights." *Id.*, ¶ 22. He also asserts several issues with Jail staff, accusing them of delaying mail to and from the Jail and improperly returning it to the sender; being inept, which has led to frequent shutdowns of the Jail that present "an unfortold [sic] risk for safety," *id.*, ¶ 25; acting unprofessional and verbally harassing him; and being negligent towards him and his needs as a veteran. He alleges that Jail policies violate his right to an attorney by denying him video conferences with his attorney and "limiting hours and methods of access" for contact and telephone appointments. *Id.* at 20.

The amended complaint newly alleges "judicial and prosecutorial misconduct" that the plaintiff says occurred during proceedings in Milwaukee County Circuit Court. *Id.*, ¶ 5. He accuses the judge presiding over his state court prosecution of bias, which rendered the judge unable "to impartially perform his duties." *Id.*, ¶ 6. He says the judge has been "impatient, undignified, and seemingly discourteous during proceedings," and has had poor "etiquette, attitude, tone, mannerisms, and physical self-presentation." *Id.*

The plaintiff asserts violations of his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments. He claims the Jail has been deliberately indifferent to his medical and mental-health needs and that its "unsafe and unsanitary conditions" constitute cruel and unusual punishment. *Id.* at 21. He also seeks to proceed under 42 U.S.C. § 1981, the Americans with Disabilities Act (ADA), and the Rehabilitation Act.

The plaintiff seeks declaratory judgment finding that the Jail violated and continues to violate his rights, dismissal of his state court criminal charges, injunctive relief ordering his medical treatment, and monetary damages.

**C. Analysis**

To the extent the plaintiff still seeks to proceed against the Milwaukee County Jail or Sheriff's Department, he cannot for the reasons previously explained. ECF No. 5 at 4 (citing *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); and *Whiting v. Marathon Cty. Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004). The only potential proper defendant is Milwaukee County. *Id.* at 5 (citing cases). For the same reasons explained in the previous order, I find that the amended complaint states a viable Fourteenth Amendment claim against Milwaukee County regarding the alleged conditions of the plaintiff's confinement. *Id.* at 6–7 (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); and *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The plaintiff may proceed on this claim related to his allegations of continuous, inadequate treatment for his medical and mental health issues and unconstitutional conditions of his confinement, including excessive lockdown procedures and unsanitary conditions.

But the plaintiff may not proceed on a claim related to his allegations against Jail staff. The plaintiff alleges that certain Jail staff improperly delayed or impeded his mail, created a general risk to his safety, and acted negligently towards him. Some of these allegations could possibly present a colorable claim for relief, particularly his claim about his mail. Like the plaintiff's claim about improper medical care by Wellpath, these claims are unrelated to his general complaints about the unsanitary and inhumane conditions of his confinement and do not assert a pattern or practice by Milwaukee County. These claims must therefore be brought in a separate lawsuit against the specific staff who the plaintiff believes violated his rights.

Even if he were allowed to bring those claims here, his claim about a general risk to his safety is too vague to state a claim. *See Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022); *Kemp v. Fulton County*, 27 F.4th 491, 497 (7th Cir. 2022). The amended complaint does not state a claim regarding Jail staff who have allegedly harassed the plaintiff because Jail officials' verbal abuse or unprofessional comments violate the Constitution in only exceptional circumstances, which the amended complaint does not allege. *See Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019); *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015). Negligence also is not a constitutional violation. *See Williams v. Ortiz*, 937 F.3d 936, 942 (7th Cir. 2019).

The amended complaint also seeks to proceed against a Wisconsin state court judge and prosecutor for their alleged bias towards the plaintiff. Because these claims are different from the claims about the Jail and are alleged against different defendants, the plaintiff cannot proceed on them in this lawsuit for the same reasons I explained in the previous order. *Id.* at 7–8. Even if the plaintiff could proceed on these claims, I explained

in the previous order that the judge is absolutely immune from that claim. *Id.* at 10 (citing *Snyder v. Nolen*, 380 F.3d 279, 286–87 (7th Cir. 2004); *Smith v. City of Hammond*, 388 F.3d 304, 306 (7th Cir. 2004)). The prosecutor in the plaintiff's pending state criminal case is likewise immune from damages claims stemming from his or her role in the criminal judicial process. *See Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (collecting cases). If the plaintiff is unhappy with his state court proceedings, his should voice his concerns in those proceedings and appeal any adverse result, or he may file a complaint with the Wisconsin court system. Any issues he has with his bail amount may be contested in a petition for habeas corpus, also as previously explained. ECF No. 5 at 10 (citing *Miller v. Williamson Cty. Corr. Ctr.*, No. 14-CV-333-DRH, 2014 WL 1389629, at *4 (S.D. Ill. Apr. 9, 2014); and *United States ex rel. Garcia v. O'Grady*, 812 F.2d 347, 352 (7th Cir. 1987)).

To the extent the plaintiff seeks to challenge the ongoing proceedings in his state court criminal matter, he cannot do so in this action under § 1983. This court cannot interfere with pending state criminal prosecutions absent "extraordinary circumstances" not alleged here. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). For the same reason, he may not seek dismissal of his pending criminal charges through this lawsuit.

The plaintiff does not state a claim under the Equal Protection clause for the reasons previously explained. ECF No. 5 at 9 (citing *Hudson v. Palmer,* 468 U.S. 517, 523 (1984); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000); and *Williams v. Lane*, 851 F.2d 867, 881–82 (7th Cir. 1988)). Nor do the plaintiff's allegations amount to a violation of the ADA or the Rehabilitation Act. Under the Rehabilitation Act, the plaintiff

must allege that "(1) he is a qualified person (2) with a disability and (3) the [defendant] denied him access to a program or activity because of his disability." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)).[1] The plaintiff does not plead facts that explain how he is a qualified person, although I can infer that he is a disabled veteran. But like his equal protection claim, he fails to allege that Milwaukee County denied him access to any program or activity *because* of his alleged disability. He merely alleges that he is disabled and that the Jail cannot accommodate his medical issues. That is not enough to state a claim under these laws.

The plaintiff claims the Jail is engaging in price gouging by over-charging detainees to make phone calls and use tablets to watch television. This claim is frivolous. There is no federal constitutional right to television or other media services. The plaintiff may have a right to reasonable use of a phone, but he does not allege he cannot pay the per-minute cost to make calls. He does not allege, for example, that he is unable to communicate with his attorney because of the price of phone calls. He simply complains about the price per minute compared to the price at other jails. That is not an "objectively serious" deprivation "of a basic human need" as is required to violate the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). And the plaintiff cannot sue for violations of antitrust laws based on the cost of these services under § 1983.

The plaintiff alleges the Jail has limited the time and manner of contact he may have with his attorney. But jails are allowed to place reasonable restrictions on detainees

---

[1] The standards for a claim under the ADA and the Rehabilitation Act are nearly identical, and the relief available under each is coextensive. *See Jaros*, 684 F.3d at 671–72. The reach of the Rehabilitation Act is narrower in that it applies to only programs and activities, not services, and requires that the entity in question receive federal funding. *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 845 n. 6 (7th Cir. 1999).

8

Case 2:22-cv-01089-LA   Filed 12/27/22   Page 8 of 10   Document 11

for institutional security, *see Bell v. Wolfish*, 441 U.S. 520, 539 (1979); it is only "unreasonable restrictions" that may violate a detainee's constitutional rights, *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991). As just noted, the plaintiff does not allege he was deprived of all contact or unable to communicate with his attorney. He is not entitled to unfettered access to contact visits or video calls.

The plaintiff also seeks to proceed under 42 U.S.C. § 1981. Section § 1981 "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976). The amended complaint alleges nothing about private contracts or any person interfering with the plaintiff's right to make or enforce a contract on account of his race or for any reason. The amended complaint does not state a claim under § 1981.

Finally, the plaintiff cannot seek declaratory relief that the defendant violated his rights in the past, as explained in the previous order. ECF No. 5 at 11 (citing *Green v. Mansour,* 474 U.S. 64, 73 (1985); and *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012)). This lawsuit will proceed on his Fourteenth Amendment claim against Milwaukee County for damages and prospective declaratory and injunctive relief only.

## II. CONCLUSION

Under an informal service agreement between Milwaukee County and this court, a copy of the amended complaint (ECF No. 6) and this order have been electronically transmitted to Milwaukee County for service. It is **ORDERED** that, under the informal service agreement, Milwaukee County shall file a responsive pleading to the amended complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The plaintiff is reminded that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 27th day of December, 2022.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge